JAMES HOOK, PLAINTIFF v. DANA HOOK (NOW SCHWENZFEIER), DEFENDANT

No. COA04-683

(Filed 3 May 2005)

**Divorce— foreign judgment—alimony—continuing exclusive jurisdiction over support orders**

    The trial court did not err by registering and enforcing the parties' New Jersey judgment of divorce and by denying plaintiff husband's request to modify or terminate the alimony provisions

contained therein pursuant to N.C.G.S. § 50-16.9, because: (1) under both North Carolina and New Jersey's UIFSA statutory scheme, the issuing state retains continuing exclusive jurisdiction over a spousal support order throughout the existence of the support obligation regardless of whether either party continues to reside in the issuing state; (2) pursuant to UIFSA, New Jersey is the issuing state of the spousal support order and retains continuing exclusive jurisdiction over the judgment of divorce throughout the existence of the support obligation; (3) although UIFSA provides that a state loses continuing exclusive jurisdiction over a child support order when the obligor and obligee no longer reside in that state, there is no parallel exception for spousal support orders; (4) defendant's registration of the parties' judgment of divorce in North Carolina had no effect on New Jersey's status as the issuing state with continuing exclusive jurisdiction over the spousal support order; (5) New Jersey is the only state with jurisdiction to modify or terminate plaintiff's alimony obligation pursuant to the parties' judgment of divorce; and (6) N.C.G.S. §§ 52C-2-205(f) and 52C-2-206(c) regarding modification of spousal support orders issued in another state control over any conflict created by N.C.G.S. § 50-16.9(c).

Appeal by plaintiff from order entered 24 February 2004 by Judge Regina R. Parker in Tyrrell County District Court. Heard in the Court of Appeals 8 December 2004.

*Prichett & Burch, P.L.L.C., by Lloyd C. Smith, Jr., Lars P. Simonsen and Maria Misse, for plaintiff-appellant.*

*Tharrington Smith, L.L.P., by Lynn P. Burleson and Jill Schnabel Jackson, for defendant-appellee.*

ELMORE, Judge.

James Hook (plaintiff) and Dana Schwenzfeier (defendant), formerly Dana Hook, were married on 18 June 1965 in New Jersey. The two divorced on 7 October 1996, and entered into a settlement agreement, including alimony; that agreement was then incorporated into a judgment of divorce entered by the appropriate court in New Jersey. Following their divorce, both plaintiff and defendant moved out of New Jersey, plaintiff moving to North Carolina and defendant to Massachusetts. Neither party had significant contacts with New Jersey after their respective moves.

On 31 December 1999, plaintiff lost his job and sought to terminate the alimony provisions of the New Jersey court's judgment. Prior to the hearing on the motion, defendant filed a motion seeking to enforce the alimony provision. On 20 August 2002, the New Jersey court, *sua sponte*, dismissed plaintiff's motion to modify and defendant's motion to enforce the judgment of divorce. The court determined that New Jersey no longer had subject matter or personal jurisdiction over the parties because neither was domiciled in New Jersey at that time. Neither party appealed that determination.

After the New Jersey court's order dismissing the case, plaintiff ceased making alimony payments to defendant. Defendant then filed a notice of registration of a foreign support order with the Tyrrell County Clerk's Office. A hearing on the matter was scheduled due to the fact that defendant opposed the filing and enforcement of the original New Jersey judgment, and in his written response included a motion that under the judgment the alimony should be modified or terminated. After the hearing, Judge Parker entered an order registering the New Jersey judgment and ordering plaintiff to pay the accrued arrears and monthly alimony payments according to the judgment. The trial court also denied plaintiff's motion to modify the judgment of divorce, determining that North Carolina lacked jurisdiction to do so. From this order, plaintiff appeals.

Plaintiff argues that the trial court erred in making findings of fact and conclusions of law that, pursuant to the Uniform Interstate Family Support Act (UIFSA), New Jersey retains continuing, exclusive jurisdiction to modify or terminate plaintiff's alimony obligation and that North Carolina's jurisdiction in this matter is limited to registration and enforcement of the parties' judgment of divorce. We affirm the trial court's order.

UIFSA has been enacted by all fifty states and is codified in North Carolina as Chapter 52C of the North Carolina General Statutes. *See* N.C. Gen. Stat. § 52C-1-100 *et seq.* (2003); *see also* N.J. Stat. § 2A:4-30.65 *et seq.* (2005). UIFSA establishes a procedural mechanism through which an obligee (here, defendant) who resides in another state may use the North Carolina courts to enforce a support order entered by a court in another state (New Jersey) against an obligor who resides in North Carolina (plaintiff). *See* N.C. Gen. Stat. § 52C-3-301 (2003). UIFSA procedures apply to both child support orders and spousal support orders. *See* N.C. Gen. Stat. §§ 52C-1-101(18) and (21) and 52C-2-205(f) (2003).

Under UIFSA, a support order is first entered by the "issuing tribunal" in the "issuing state." N.C. Gen. Stat. § 52C-1-101(9) and (10) (2003). If an obligee wishes to enforce a support order against an obligor who resides in a different state, the obligee may "register" the order in the state where the obligor resides. *See* N.C. Gen. Stat. §§ 52C-6-601 and 52C-6-602 (2003). Unless the responding state, North Carolina in this matter, has "continuing, exclusive jurisdiction" over a registered foreign support order, the jurisdiction of a responding state is limited to the ministerial function of enforcing the registered order. *See* N.C. Gen. Stat. § 52C-1-101(16) (2003) (defining responding state); N.C. Gen. Stat. § 52C-3-305(a) (2003) (official commentary characterizes the listing of duties in subsection (a) as "ministerial."); *see also Welsher v. Rager*, 127 N.C. App. 521, 527, 491 S.E.2d 661, 664 (1997) (citing to N.C. Gen. Stat. § 52C-2-205, the Court determined that without 1) both parties' consent to a modification of a support order or 2) the issuing state having lost continuing, exclusive jurisdiction, North Carolina may not modify a support order).

N.C. Gen. Stat. § 52C-2-205 and N.J. Stat. § 2A:4-30.72, discussing continuing, exclusive jurisdiction over support orders, provide that

[a] tribunal of this State issuing a support order consistent with the law of this State has continuing, exclusive jurisdiction over a spousal support order throughout the existence of the support obligation. A tribunal of this State may not modify a spousal support order issued by a tribunal of another state having continuing, exclusive jurisdiction over that order under the law of that state.

N.C. Gen. Stat. § 52C-2-205(f) (2003); N.J. Stat. § 2A:4-30.72(f) (2005) (Subsection (f) in New Jersey is identical, save the second sentence where New Jersey inserted a comma after "spousal support" and added "custody visitation, or non-child support provisions of an" before "order."). Under both North Carolina and New Jersey's UIFSA statutory scheme, the issuing state retains "continuing, exclusive jurisdiction over a *spousal* support order throughout the existence of the support obligation," regardless of whether either party continues to reside in the issuing state. *See id.* (emphasis added). Pursuant to UIFSA, New Jersey is the "issuing state" of the spousal support order and retains continuing, exclusive jurisdiction over the judgment of divorce throughout the existence of the support obligation. Although UIFSA provides that a state loses continuing, exclusive jurisdiction over a *child* support order when the obligor and obligee no longer

reside in that state, there is no parallel exception for *spousal* support orders. *See* N.C. Gen. Stat. § 52C-2-205 (a) and (f) (2003). Instead, UIFSA specifically provides that the issuing state retains continuing, exclusive jurisdiction over a *spousal* support order throughout the existence of the support obligation. *See* N.C. Gen. Stat. § 52C-2-205(f) (2003).

We are persuaded that the statute's differing treatment regarding continuing, exclusive jurisdiction of spousal support orders and child support orders is purposeful, as evidenced by the official commentary to section 52C-2-205.

> Spousal support is treated differently; the issuing tribunal retains continuing, exclusive jurisdiction over an order of spousal support throughout the entire existence of the support obligation. Sections 205(f) and 206(c) state that the procedures of UIFSA are not available to a responding tribunal to modify the existing spousal support order of the issuing State. This marks a radical departure from RURESA, which treated spousal and child support orders identically. . . . The prohibition of modification of spousal support by a nonissuing State tribunal under UIFSA is consistent with the principle that a tribunal should apply local law to such cases to insure efficent handling and to minimize choice of law problems. Avoiding conflict of law problems is almost impossible if spousal support orders are subject to modification in a second State.
>
> * * *
>
> A wavier of continuing, exclusive jurisdiction and subsequent modification of spousal support by a tribunal of another State simply is not authorized under the auspices of UIFSA.

N.C. Gen. Stat. § 52C-2-205 official commentary (2003).

Defendant's registration of the parties' judgment of divorce in North Carolina had no effect on New Jersey's status as the issuing state with continuing, exclusive jurisdiction over the spousal support order. New Jersey is the only state, therefore, with jurisdiction to modify or terminate plaintiff's alimony obligation pursuant to the parties' judgment of divorce.

Plaintiff next argues that North Carolina has obtained jurisdiction over the parties' judgment of divorce and that the trial court erred by

failing to modify or terminate his alimony obligation pursuant to N.C. Gen. Stat. § 50-16.9. We disagree.

Section 50-16.9 of the North Carolina General Statutes provides:

When an order for alimony has been entered by a court of another jurisdiction, a court of this State may, upon gaining jurisdiction over the person of both parties in a civil action instituted for that purpose, and upon a showing of changed circumstances, enter a new order for alimony which modifies or supersedes such order for alimony to the extent that it could have been so modified in the jurisdiction where granted.

N.C. Gen. Stat. § 50-16.9(c) (2003). The language of section 50-16.9(c) is consistent with the provisions of UIFSA's predecessor statute, the Uniform Reciprocal Enforcement of Support Act (URESA), which allowed courts of this State to modify support orders of other states. When the North Carolina General Assembly enacted UIFSA, which severely curtailed the authority of a responding state to modify a foreign support order, it did not amend or repeal section 50-16.9(c).

It is evident that sections 52C-2-205(f) and 52C-2-206(c) are in conflict with section 50-16.9(c), that section allowing courts of this State to accomplish exactly what the provisions of Chapter 52C prohibit. As such, we hold that sections 52C-2-205 and 52C-2-206, regarding modification of spousal support orders issued in another state, control over any conflict created by section 50-16.9(c). We do not believe the General Assembly set out to make a radical departure from prior law, by adopting UIFSA and repealing URESA, simply to have its effect undone by then-existing section 50-16.9(c). *See* Sally B. Sharp, *Step by Step: The Development of the Distributive Consequences of Divorce in North Carolina*, 76 N.C. L. Rev. 2017, 2105-2106 (1998) ("[Section 50-16.9(c)] is in direct conflict with the federally mandated Uniform Interstate Family Support Act . . . . Thus, any attempt by any court in North Carolina to modify a spousal support award from another state would thus be unenforceable in this, or any other, state.").

While we are confident that this reconciliation is consistent with the intent of the General Assembly, we are guided to the same result by our own principles of statutory construction.

Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should

be read together and harmonized . . .; but, to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute[.]

*McIntyre v. McIntyre*, 341 N.C. 629, 631, 461 S.E.2d 745, 747 (1995) (quoting *Food Stores v. Board of Alcoholic Control*, 268 N.C. 624, 628-29, 151 S.E.2d 582, 586 (1966)). Furthermore, when there are conflicting provisions in statutes that cannot be reconciled, the older statute must yield to the most recent provision because "the later statute represents the latest expression of legislative will and intent." *Adair v. Burial Assoc.*, 284 N.C. 534, 541, 201 S.E.2d 905, 910 (1974) (citations omitted).

UIFSA is a detailed, comprehensive statutory scheme adopted by all fifty states to create uniformity in enforcement procedures. *See* N.C. Gen. Stat. § 52C-1-100 *et seq* (2003). UIFSA was enacted to take effect in North Carolina on 1 January 1996 by the 1995 session of the General Assembly. 1995 N.C. Sess. Laws ch. 538, § 7(c) (adding Chapter 52C, while section 7(a) of the Session Law repealed Chapter 52A). UIFSA specifically sets forth in great detail the necessary jurisdictional requirements for modification of a foreign support order. *See id.* In contrast, section 50-16.9(c) is part of a general statute authorizing modification of alimony orders. Additionally, section 50-16.9 was enacted well before UIFSA, making UIFSA the more current will of the legislature. *See* 1967 N.C. Sess. Laws ch. 1152 § 2. Therefore, since UIFSA is the more specific and more recent statute, any conflict between it and section 50-16.9(c) must be resolved in accordance with the provisions of UIFSA.

Accordingly, we affirm the order of the trial court registering and enforcing the parties' judgment of divorce and denying plaintiff's request to modify or terminate the alimony provisions contained therein.

Affirmed.

Judges McCULLOUGH and LEVINSON concur.