976 A.2d 1145 (2008)
409 N.J. Super. 358
Andrew PEK, Plaintiff,
v.
Donna PROTS, Defendant.
DOCKET NO. FM-20-001186-04
Superior Court of New Jersey, Chancery Division, Family Part, Union County.
Decided July 2, 2008.
*1146 Ellen Thelin, Montclair, for plaintiff.
Lorane Posner, for defendant.
MEGA, J.S.C.
The primary issue presented by this post judgment matrimonial motion is whether New Jersey courts retain continuing exclusive jurisdiction to modify a spousal support order which was established in the State of New Jersey pursuant to the parties' judgment of divorce and property settlement agreement, ("PSA") despite a provision in the parties' PSA, which provides that the State of Ohio should exercise all future jurisdiction over all the parties' post judgment matrimonial matters. Accordingly, this court holds that under the principle of the Uniform Interstate Family Support Act ("UIFSA"), *1147 N.J.S.A. 2A: 4-30.72(f) confers continuing exclusive jurisdiction to the court issuing the initial spousal support order such that the parties may not choose or contract an alternate forum for purposes of future spousal support modifications.
Plaintiff brought this motion seeking in part to modify the provision of the parties' PSA providing for spousal support modification when the State of Ohio court rejected jurisdiction to modify spousal support. Despite other issues having been disposed of on the record, this court will only address the threshold jurisdictional issue posed by Plaintiff.[1]
At the time the parties' judgment of divorce was filed on November 17, 2005, in the State of New Jersey, defendant had relocated to the State of Ohio with the parties' two minor children and plaintiff had relocated to the State of New York. The parties' New Jersey PSA provided, in part, for both a choice of law and choice of forum provision as follows:

Governing Law: The place or places of execution of this Agreement shall have no bearing on the law governing its interpretation, because it is understood and agreed by both parties that the Agreement shall be construed and governed in accordance with the laws of the State of New Jersey, exclusive of conflicts of law principles. Additionally, the drafting of this Agreement by the mediator shall have no bearing on the interpretation of this Agreement. In addition, as the Wife resides in Ohio with the children and the Husband has just moved out of New Jersey to New York, the parties agree that jurisdiction in this matter for all purposes shall be laid in the State of Ohio.
Prior to submitting this present motion to the Superior Court of the State of New Jersey, plaintiff submitted a motion for modification of child support and spousal support in the State of Ohio. The Ohio court ultimately accepted jurisdiction of the parties' child support matter. However, the Ohio court rejected jurisdiction to modify spousal support on the basis that jurisdiction of the spousal support matter should be retained by the State of New Jersey in spite of the PSA.
This court is mindful of the parties' PSA to which they contracted. As a general rule, courts should enforce contracts that the parties have made. Henchy v. City of Absecon, 148 F.Supp.2d 435, 439 (D.N.J.2001); Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43, 161 A.2d 717, 720-21 (1960). In enforcing these contracts, courts must discern and implement the common intention of the parties. Tessmar v. Grosner, 23 N.J. 193, 201, 128 A.2d 467, 471 (1957). The common intention of the parties is determined by considering what is written in the context of the circumstances at the time of drafting and by applying a rational meaning in keeping with the "expressed general purpose". Ibid. See also, Northern Airlines, Inc. v. Schwimmer, 12 N.J. 293, 302, 96 A.2d 652, 656 (1953); Dontzin v. Myer, 301 N.J.Super. 501, 507, 694 A.2d 264, 267-68 (App. Div.1997).
Further, the court recognizes that parties are bound by the intentions that they express in a written agreement absent fraud or other excuse, Petersen v. Petersen, 85 N.J. 638, 642, 428 A.2d 1301, 1303 (1981), see also, Carlsen v. Carlsen, 72 N.J. 363, 371, 371 A.2d 8, 12 (1977), so long as the contract is complete and unambiguous on its face. Levison v. Weintraub, 215 N.J.Super. 273, 276, 521 A.2d 909, 910 (App.Div.1987); Dworkin v. Dworkin, 217 N.J.Super. 518, 523, 526 A.2d 278, 281 (App.Div.1987).
*1148 Forum selection clauses are generally enforceable in New Jersey. Caspi v. Microsoft Network, 323 N.J.Super. 118, 122, 732 A.2d 528, 530 (App.Div.1999). See also, McNeill v. Zoref, 297 N.J.Super. 213, 219, 687 A.2d 1052, 1055 (App.Div. 1997). However, the Appellate Division in Caspi notes:
New Jersey courts will decline to enforce a [forum selection] clause only if it fits into one of three exceptions to the general rule: (1) the clause is a result of fraud or "overweening" bargaining power; (2) enforcement would violate strong public policy of New Jersey; or (3) enforcement would seriously inconvenience trial. Wilfred MacDonald, Inc. v. Cushman, Inc., 256 N.J.Super. 58, 63-64, 606 A.2d 407, 407 (App.Div.1992) certif. denied, 130 N.J. 17, 611 A.2d 655 (1992). [Caspi supra, 323 N.J.Super. at 122, 732 A.2d 528.]
Finally, the burden falls on the party objecting to enforcement of the forum selection clause to show the clause in question should be rendered unenforceable. Id. at 122, 732 A.2d 528. Neither of the parties objected to the Ohio courts hearing the modification of spousal support motion.
In the present matter, the Uniform Interstate Family Support Act (UIFSA), codified at N.J.S.A. 2A:4-30.65 to -123, supersedes the parties' PSA forum selection clause in relation to spousal support modification. Enforcing the parties' agreement would violate public policy by leaving both plaintiff and defendant with no forum in which to seek modification of the spousal support obligation. This decision is necessitated to avoid the proverbial "black-hole" present in cases where all states that may exercise jurisdiction over a matter may decline based on the belief that a differing jurisdiction is better suited to exercise jurisdiction. Further, the trial court of Ohio, pursuant to its reading of UIFSA has already refused to exercise jurisdiction. The Ohio magistrate judge who presided over this matter held that New Jersey is the proper forum to hear all post judgment spousal support issues. Notwithstanding same, the Ohio court accepted jurisdiction as to child support modification.
It should be noted that neither party to this action had appealed the Ohio court's decision declining jurisdiction of spousal support modification.
In determining the proper jurisdiction of the issue at hand this court relies on UIFSA. UIFSA is the model act among states which governs establishment, enforcement, and modification of support orders when more than one state may claim jurisdiction over a matter in order that one controlling order may result. N.J.S.A. 2A:4-30.65 to -123. Under UIFSA, long arm jurisdiction may be obtained over an individual pursuant to N.J.S.A. 2A: 4-30.69, which provides in relevant part:
In a proceeding to establish, enforce, or modify a support order or to determine parentage, a tribunal of this State may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if ... (b) the individual submits to the jurisdiction of this State by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;... (g) there is any other basis consistent with the constitutions of this State and the United States for the exercise of personal jurisdiction.
In the present matter, defendant submitted to New Jersey's jurisdiction by filing an answer and counterclaim in the divorce proceedings. Further, the court entered a judgment of divorce for the parties which included setting a spousal support award on November 17, 2005. By filing answering papers with the New Jersey *1149 courts, thus, allowing New Jersey courts to set the original spousal support obligation, defendant submitted to New Jersey courts retaining continuing exclusive jurisdiction over any spousal support modification for the life of the obligation pursuant to UIFSA. N.J.S.A 2A: 4-30.72(f). However, the same does not hold true for child support modification under UIFSA. Unlike spousal support, the UIFSA provisions pertaining to child support, N.J.S.A 2A:4-30.72(a)(e), permits forum selection with jurisdiction to be laid in a state other than where the order originated.
The section of UIFSA referring to spousal support, N.J.S.A.2A: 4-30.72(f), provides:
A tribunal of this State issuing a support order consistent with the law of this State has continuing, exclusive jurisdiction over a spousal support order throughout the existence of the support obligation. A tribunal of this State may not modify a spousal support, custody visitation, or non-child support provisions of an order issued by a tribunal of another state having continuing, exclusive jurisdiction over that order under the law of that state.
Therefore, the issue of spousal support modification cannot be disposed of in the same manner as child support modification under UIFSA. Further, this court references out-of-state case law supporting the UIFSA provision for modification of spousal support found at N.J.S.A. 2A:4-30.72(f).
In Hook v. Hook, 170 N.C.App. 138, 611 S.E.2d 869 (N.C.Ct.App.2005) the court refused to modify a spousal support provision that was entered under the parties' judgment of divorce in New Jersey. On the issue the Court held:
Under both North Carolina and New Jersey's UIFSA statutory scheme, the issuing state retains "continuing, exclusive jurisdiction over a spousal support order throughout the existence of the support obligation," regardless of whether either party continues to reside in the issuing state.... Pursuant to UIFSA, New Jersey is the "issuing state" of the spousal support order and retains continuing, exclusive jurisdiction over the judgment of divorce throughout the existence of the support obligation. Although UIFSA provides that a state loses continuing, exclusive jurisdiction over a child support order when the obligor and obligee no longer reside in that state, there is no parallel exception for spousal support orders. See N.C. Gen. Stat. § 52C-2-205 (a) and (f) (2003). Instead, UIFSA specifically provides that the issuing state retains continuing, exclusive jurisdiction over a spousal support order throughout the existence of the support obligation. See N.C. Gen. Stat. § 52C-2-205(f) (2003).
[Id. at 141-42, 611 S.E.2d at 872.]
Additionally, in Underwood v. Colley, 111 Hawai`i 51, 52, 137 P.3d 365, 366 (2006) the Hawaii Intermediate Court of Appeals held that where a divorce decree was issued in New Mexico that ordered the husband to pay a specified amount of spousal support, under UIFSA, after both the parties moved out of state and the divorce was registered in Hawaii, Hawaii lacked the requisite jurisdiction to modify the spousal support obligation. The court found that New Mexico was the state with continuing exclusive jurisdiction to modify such order, however, Hawaii would have jurisdiction to enforce such order. Id. at 58-59, 137 P.3d 365.
Further, 28 U.S.C.S. § 1738B provides for full faith and credit of child support orders across state borders and procedures for modification of such orders. This section is in accord with UIFSA. However, it should be noted that this section strictly applies to child support and lacks a provision for spousal support modification *1150 Further, 42 U.S.C.S. § 666(f) requires that all states adopt UIFSA on or after January 1, 1998, to comply with 42 U.S.C.S. § 654(20)(A), which provides how to dispose of spousal support issues. Therefore, the provisions of UIFSA, codified by the State of New Jersey at N.J.S.A. 2A:4-30.72(f), are applicable to spousal support modification and are to be followed to comply with federal code.
Therefore, in the present matter, pursuant to UIFSA as codified in N.J.S.A. 2A:4-30.72(f), the State of New Jersey will retain continuing exclusive jurisdiction over spousal support modification.
Addressing the primary issue brought before this court, generally contracts and forum selections clauses are enforceable. However, when a litigant is left without a forum in which to address a dispute the court must rely on UIFSA to resolve jurisdictional questions. UIFSA acts as a safeguard to provisions which could leave a litigant approaching various potential forums and being denied access. Pursuant to UIFSA parties may contract and choose a forum as it relates to child support modification, but may not choose a forum other than the forum that has continuing, exclusive jurisdiction, as it relates to spousal support modification. A jurisdiction that establishes a spousal support order retains continuing exclusive jurisdiction for the life of the order. Not only does one state retaining jurisdiction for the life of the order provide for consistency, but it also alleviates potential confusion for the parties, deters forum jumping, and avoids the parties falling victim to a blackhole where no court will take jurisdiction. Therefore, to attempt to contract away forum from the state which established spousal support, potentially taking access to the courts away from a litigant, is a violation of UIFSA and public policy, and causes such forum selection clauses to be unenforceable.
NOTES
[1] All other issues were resolved by consent order.