# Illinois Official Reports

## Appellate Court

---

***In re Marriage of Armstrong*, 2016 IL App (2d) 150815**

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF LUANNE ARMSTRONG, Petitioner-Appellee, and MARK ARMSTRONG, Respondent-Appellant. |
| District & No. | Second District<br>Docket No. 2-15-0815 |
| Filed | December 29, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 03-MR-422; the Hon. Linda E. Davenport, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Robert G. Black, of Law Offices of Robert G. Black, of Naperville, for appellant.<br><br>Bruce M. Rose, of Law Office of Bruce Rose, and Lucy Vazquez, of Law Office of Christopher D. Edmonds, Ltd., both of Westchester, for appellee. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion.<br>Justices Schostok and Spence concurred in the judgment and opinion. |

**OPINION**

¶ 1 Petitioner, Luanne Armstrong, and respondent, Mark Armstrong, married in October 1993, in Illinois. Two children were born of the marriage. In July 2002, a Connecticut court ordered the dissolution of the parties' marriage, and in February 2003, the same court ordered Mark to pay child support and "spousal support," or maintenance.[1] Shortly thereafter, the parties relocated to Du Page County, Illinois, and the circuit court of Du Page County granted Mark's petition to enroll the Connecticut judgments. A few months later, Mark moved to modify child support and maintenance. In July 2003, the trial court issued an order lowering the amount of child support and maintenance but extended the time period that Mark was obligated to pay maintenance. In March 2014, Luanne filed a petition for a rule to show cause, alleging that Mark had failed to pay maintenance. Mark filed a motion to dismiss Luanne's petition and to vacate the trial court's July 2003 order as void for lack of subject-matter jurisdiction. The trial court denied Mark's motion. Mark appeals, arguing that the trial court's July 2003 order is void for lack of subject-matter jurisdiction because only Connecticut, as the issuing state, has continuing, exclusive jurisdiction to modify a maintenance order. For the following reasons, we affirm.

¶ 2 I. BACKGROUND

¶ 3 In October 1993, Luanne and Mark were married in Cook County, Illinois. They had two children: a daughter, born on October 2, 1995, and a son, born on March 15, 1998. The parties divorced in Connecticut. The Connecticut court bifurcated the issues. On July 25, 2002, the court ordered the dissolution of the parties' marriage, granted the parties joint legal custody of the children, designated Luanne as the primary physical custodian of the children, authorized Luanne to relocate to Illinois, and approved and ordered a stipulated parenting plan. On February 10, 2003, the court ordered Mark to pay child support and maintenance for four years, reviewable, *inter alia*, if Luanne's multiple sclerosis worsened.

¶ 4 Shortly thereafter, Luanne and the children relocated to Du Page County. In March 2003, Mark moved to Du Page County, and in April 2003, he petitioned the trial court to enroll the Connecticut judgments. On April 28, 2003, the trial court granted Mark's petition to enroll the Connecticut judgments, finding that it had "jurisdiction over the parties and subject matter herein."

¶ 5 On May 6, 2003, Mark moved to "modify his spousal and child support obligations consistent with his current income," alleging that "he moved to Illinois to be close to his children," that he "obtained new employment in Illinois," and that "his new income was less than the income for which the current support order was entered." Mark specifically alleged that his "spousal and child support obligations should be modified."

¶ 6 On July 23, 2003, the trial court lowered Mark's child support and maintenance obligations. However, the trial court extended the period for Mark's maintenance obligation, ordering that maintenance "shall terminate upon the death of either party and further order of

---

[1]Connecticut and section 211(b) of Illinois's version of the Uniform Interstate Family Support Act (750 ILCS 22/211(b) (West 2014)), at issue here, use the term "spousal support." However, in this case the terms "spousal support" and "maintenance" will be used interchangeably.

court, *i.e.*, it may be subject to earlier modification or termination other than either parties' [*sic*] death."

¶ 7      On November 19, 2013, Luanne filed a petition for contribution to college expenses for their children. Luanne also filed a petition for an increase in child support. On February 27, 2014, Mark filed a motion to reduce child support.

¶ 8      On May 14, 2014, Luanne filed a petition for a rule to show cause as to why Mark should not be held in indirect civil contempt for failure to pay maintenance pursuant to the trial court's July 23, 2003, order.[2]

¶ 9      On December 10, 2014, in response to Luanne's petition for a rule to show cause, Mark filed a combined motion to dismiss and vacate. Count I sought dismissal of Luanne's petition for a rule to show cause, pursuant to section 2-619(a)(1) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(1) (West 2014)), arguing that Luanne's petition was based on a void order. Mark argued that the trial court's July 23, 2003, order was void for lack of subject-matter jurisdiction because, under section 211(b) of Illinois's version of the Uniform Interstate Family Support Act (Family Support Act) (750 ILCS 22/211(b) (West 2014)) and Connecticut's version of the Family Support Act (Conn. Gen. Stat. § 46b-212h(f)(1) (2013)), Connecticut had continuing, exclusive jurisdiction to modify its original maintenance order. Mark argued that, therefore, the petition should be dismissed because the court could not enforce a void order.

¶ 10     Count II sought dismissal of Luanne's November 12, 2014, petition for a rule to show cause, which was voluntarily dismissed. Thus, we need not discuss this count.

¶ 11     Count III sought to vacate the trial court's July 23, 2003, order, pursuant to section 2-1401(f) of the Code (735 ILCS 5/2-1401(f) (West 2014)). Mark argued that the order was void for lack of subject-matter jurisdiction, based on section 211(b) of the Family Support Act.

¶ 12     On July 13, 2015, the trial court denied Mark's section 2-619(a)(1) motion to dismiss Luanne's petition for a rule to show cause and denied Mark's section 2-1401(f) motion to vacate the trial court's July 23, 2003, order. The court stated in its written order:

> "Defendant granted leave to file appeal pursuant to [Illinois Supreme Court] Rule 304(b)(3) from order denying relief prayed in count I and III of defendant's motion to dismiss pursuant to 5/2-619 and 735 ILCS 5/2-1401."

¶ 13     On August 12, 2015, Mark filed his notice of appeal. Only the trial court's denial of Mark's motion to vacate the trial court's July 23, 2003, order comes before us pursuant to Rule 304(b)(3), which allows an appeal from "[a] judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 of the Code of Civil Procedure." Ill. S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016). Thus, we will review the trial court's denial of Mark's motion seeking to vacate the order as void for lack of subject-matter jurisdiction.

¶ 14                                    II. ANALYSIS

¶ 15     Mark argues that the July 23, 2003, order is void for lack of subject matter-jurisdiction because only Connecticut, as the issuing state, had continuing, exclusive jurisdiction to modify maintenance, pursuant to section 211 of the Family Support Act (750 ILCS 22/211 (West

---

[2]On November 12, 2014, Luanne filed a *pro se* petition for a rule to show cause, but this petition was voluntarily dismissed.

2014)). "Whether a circuit court has subject matter jurisdiction to entertain a claim presents a question of law which we review *de novo*." *McCormick v. Robertson*, 2015 IL 118230, ¶ 18.

¶ 16    Subject-matter jurisdiction refers to a court's power " 'to hear and determine cases of the general class to which the proceeding in question belongs.' " *People v. Castleberry*, 2015 IL 116916, ¶ 12 (quoting *In re M.W.*, 232 Ill. 2d 408, 415 (2009)). "With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution." *McCormick*, 2015 IL 118230, ¶ 19.

¶ 17    Under section 9 of article VI of the Illinois Constitution, the jurisdiction of circuit courts extends to all "justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office." Ill. Const. 1970, art. VI, § 9. So long as a matter brought before the circuit court is justiciable and does not fall within the original and exclusive jurisdiction of the supreme court, the circuit court has subject-matter jurisdiction to consider it. See *In re M.W.*, 232 Ill. 2d at 424. A matter is considered justiciable when it presents "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335 (2002).

¶ 18    Regarding subject-matter jurisdiction, the supreme court has explained that "the *only* consideration is whether the alleged claim falls within the general class of cases that the court has the inherent power to hear and determine. If it does, then subject matter jurisdiction is present." (Emphasis in original.) *In re Luis R.*, 239 Ill. 2d 295, 301 (2010). Even a defectively stated claim is sufficient to establish a circuit court's subject-matter jurisdiction if the claim falls within the general class of cases that the court has the inherent power to hear. *Id.*

¶ 19    Compliance with a statutory requisite presents a different matter from whether a circuit court has subject-matter jurisdiction. See *McCormick*, 2015 IL 118230, ¶ 22. "Except when the proceeding is one for administrative review, a deviation from a statutory requirement does not divest the court of jurisdiction." *Id.* A circuit court's subject-matter jurisdiction over all justiciable matters is conferred by the Illinois Constitution and cannot be negated or divested by the failure to satisfy a certain statutory requirement or prerequisite. See *Castleberry*, 2015 IL 116916, ¶ 15; *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶¶ 27-40. Therefore, even as here, where the General Assembly created a new justiciable matter through legislation (the Family Support Act) that identified rights or duties that had no counterpart in common law or at equity, the establishment of the new justiciable matter "neither extends nor constrains the court's jurisdiction." *McCormick*, 2015 IL 118230, ¶ 23.

¶ 20    The jurisdictional challenge raised by Mark in this case is premised on section 211 of the Family Support Act, which provides:

"(a) A tribunal of this State issuing a spousal-support order consistent with the law of this State has continuing, exclusive jurisdiction to modify the spousal-support order throughout the existence of the support obligation.

(b) A tribunal of this State may not modify a spousal-support order issued by a tribunal of another state having continuing, exclusive jurisdiction over that order under the law of that state.

- 4 -

(c) A tribunal of this State that has continuing, exclusive jurisdiction over a spousal-support order may serve as:

(1) an initiating tribunal to request a tribunal of another state to enforce the spousal-support order issued in this State; or

(2) a responding tribunal to enforce or modify its own spousal-support order." 750 ILCS 22/211 (West 2014).

¶ 21    Although section 211 uses the term "jurisdiction," it must be understood as only a procedural limit on when the trial court may modify a spousal support or maintenance order issued in another state and "not a precondition to the exercise of the court's inherent authority." *McCormick*, 2015 IL 118230, ¶ 27 (holding that the use of the term "jurisdiction" in the Uniform Child-Custody Jurisdiction and Enforcement Act (750 ILCS 36/201 (West 2010)) does not limit the trial court's subject-matter jurisdiction, because a statute cannot divest a court of subject-matter jurisdiction that is conferred by the Illinois Constitution); see also *In re Marriage of Edelman*, 2015 IL App (2d) 140847, ¶ 17 (holding that the trial court had subject-matter jurisdiction of a dispute under the Family Support Act).

¶ 22    In this case, in May 2003, Mark filed a motion seeking modification of child support and "spousal support" or maintenance due to a change in circumstances. The question of whether child support and maintenance should be modified clearly presented a justiciable matter. See *McCormick*, 2015 IL 118230, ¶ 28. That is, Mark raised a claim falling within the general class of cases the trial court had the inherent power to hear and decide. The trial court therefore had subject-matter jurisdiction to entertain Mark's motion. See *Luis R.*, 239 Ill. 2d at 305 (subject-matter jurisdiction is invoked by the filing of a claim alleging the existence of a justiciable matter). Whether or not the trial court should have considered Mark's motion on the merits does not implicate subject-matter jurisdiction. See *McCormick*, 2015 IL 118230, ¶ 28. At best, the judgment of July 2003 was voidable; it is not void for lack of subject-matter jurisdiction. Therefore, the trial court properly denied Mark's section 2-1401(f) motion to vacate the trial court's judgment.

¶ 23    Mark cites *Hornblower v. Hornblower*, 94 A.3d 1218 (Conn. App. Ct. 2014), *Sootin v. Sootin*, 41 So. 3d 993 (Fla. Dist. Ct. App. 2010), *Pek v. Prots*, 409 N.J. Super. 358 (2008), and *Hook v. Hook*, 611 S.E.2d 869 (N.C. Ct. App. 2005), to support his argument. Although these cases interpret provisions similar to section 211, these cases are not controlling here. Decisions "from our sister state courts are not binding on the courts of this state." *In re Parentage of Scarlett Z.-D.*, 2015 IL 117904, ¶ 55. In any event, none of the cases cited by Mark address whether a judgment is void for lack of subject-matter jurisdiction. Further, none of the cases discuss that subject-matter jurisdiction is derived from our state's constitution and that such jurisdiction cannot be divested by statute. Therefore, the cases do not reflect Illinois law and are not persuasive. See *id.*

¶ 24    We note that Mark misrepresents the record by contending that he "moved to *modify* the *child support* obligation, only." (Emphases in original.) Mark also argues that, "inexplicably, the trial court in Illinois then went beyond that [in that it] not only reduced (modified) child support, it also modified (without any request to do so) the maintenance (spousal support) award." The record established that, although Mark's motion was labeled, "Motion to Modify Child Support," Mark alleged that his "*spousal* and child support obligations should be modified" and asked the court to "[m]odify his *spousal* and child support obligations consistent with his current income." (Emphases added.) Therefore, we reject Mark's

contention that the trial court's modification of maintenance was "inexplicable." The record clearly establishes that Mark requested such modification.

¶ 25                                    III. CONCLUSION
¶ 26          We affirm the trial court's denial of respondent's motion to vacate.

¶ 27          Affirmed.