**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0188-20

KENNETH VERCAMMEN,

    Plaintiff-Appellant,

v.

LINKEDIN CORPORATION,

    Defendant-Respondent.

_____

> January 18, 2022 – Decided January 26, 2022
>
> Before Judges Fasciale and Firko.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. C-000103-20.
>
> Kenneth Vercammen, appellant, argued the cause pro se.
>
> Bruce W. Clark argued the cause for respondent (Clark Michie LLP, attorneys; Bruce W. Clark and Christopher Michie, on the brief).

PER CURIAM

Plaintiff appeals from an August 18, 2020 order denying relief requested by order to show cause (OTSC) and dismissing his complaint with prejudice. Plaintiff argues, primarily, that the judge denied him due process by not giving him sufficient time to respond to defendant LinkedIn's motion to dismiss. We disagree with that argument, affirm the order under review, but remand and direct that the order be converted from with prejudice to without prejudice. Consequently, plaintiff may then pursue a cause of action in accordance with the forum selection clause.

Plaintiff is a New Jersey attorney. LinkedIn is a social networking website for professionals headquartered in Sunnyvale, California. In June 2019, plaintiff entered into a contract via a User Agreement with LinkedIn for one year of premium use of LinkedIn's service. The User Agreement contains a hyperlink to LinkedIn's terms of service, which includes a forum selection clause mandating that any dispute concerning the contract or services must be resolved in California.

In December 2019, LinkedIn suspended plaintiff's account after determining that plaintiff allegedly violated multiple provisions of its User

Agreement and Publishing Platform Guidelines.[1]   LinkedIn terminated plaintiff's account in January 2020 after warning him of multiple violations of the company's policies.  LinkedIn later refunded plaintiff the balance of his subscription fee.

Thereafter, plaintiff filed a complaint and OTSC seeking reactivation of his LinkedIn premium account, contact information for an individual LinkedIn employee he could contact about his account, and free LinkedIn premium service for five years, in addition to compensatory, treble, and punitive damages. Plaintiff also brought claims for breach of warranty, negligence, common law fraud, and consumer fraud under the Consumer Fraud Act (CFA), N.J.S.A 56:8-1 to -20.

In lieu of filing an answer, LinkedIn filed a motion to dismiss for failure to state a claim, arguing that the forum selection clause mandates that the dispute be litigated in California and that plaintiff otherwise failed to state a claim for fraud, consumer fraud, and injunctive relief.  LinkedIn supported the motion with the certification of Tsitsi Harmston, LinkedIn's Senior Legal Policy

---

[1] LinkedIn alleges plaintiff was posting more than fifteen articles per day on the networking site, which exceeded the permitted daily number of articles members were permitted to post.  LinkedIn staff determined plaintiff was using the articles to advertise his business, which violated LinkedIn's Publishing Platform Guidelines.

Enforcement Manager, and copies of the relevant provisions of the User Agreement. The judge conducted oral argument, entered an order denying injunctive relief, and dismissed plaintiff's complaint with prejudice, citing the forum selection clause.

On appeal, plaintiff raises the following points for this court's consideration:

POINT I

A MOTION TO DISMISS FOR LACK OF PROPER VERIFICATION AND FAILURE TO STATE A CLAIM THAT USES MATTERS OUTSIDE THE PLEADINGS SHOULD BE TREATED AS A SUMMARY JUDGMENT MOTION AND BE AFFORDED PROPER DUE PROCESS TO RESPOND.

POINT II

THE TRIAL [JUDGE] SHOULD NOT HAVE ENDED THE CLAIM ON THE MERITS WITH PREJUDICE WITHOUT A WRITTEN OR ORAL OPINION.

POINT III

[PLAINTIFF'S] ABILITY TO CONSENT TO AN ARBITRATION CLAUSE SHOULD BE FULLY LITIGATED IN THE TRIAL COURT.

POINT IV

THERE EXISTS A GENUINE ISSUE OF FACT OF WHETHER [DEFENDANT] VIOLATED THE [CFA].

4

Plaintiff also raises the following points in reply, which we have renumbered:

    [POINT V]

    . . . PLAINTIFF'S COMPLAINT WAS PROPERLY VERIFIED AND SERVED.

    [POINT VI]

    THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER [DEFENDANT] ENGAGED IN UNCON[S]CIONABLE AND DECEPTIVE BUSINESS PRACTICES BY OFFERING HORRENDOUS CUSTOMER SUPPORT.

    [POINT VII]

    [PLAINTIFF'S] ABILITY TO CONSENT TO A FORUM SELECTION CLAUSE SHOULD BE FULLY LITIGATED IN THE TRIAL COURT.

    [POINT VIII]

    THE CRUX OF THE ISSUE IS THAT THERE WAS SIMPLY NOT ENOUGH TIME TO ANSWER THE ABOVE AFFIRMATIVE DEFENSES ON AN [OTSC] SCHEDULE.

We disagree and affirm.

I.

We first reject plaintiff's contention that the judge erred by not treating LinkedIn's motion to dismiss as a summary judgment motion. If a party presents

5

matters outside the pleadings to support a motion to dismiss for failure to state a claim, the judge may exclude that material.  See R. 4:6-2.  If the judge does not exclude the material, "the motion shall be treated as one for summary judgment and disposed of as provided by R[ule] 4:46."  Ibid.

Judges may consider documents specifically referenced in the complaint "without converting the motion into one for summary judgment."  Myska v. N.J. Mfrs. Ins. Co., 440 N.J. Super. 458, 482 (App. Div. 2015) (quoting E. Dickerson & Son, Inc. v. Ernst & Young, LLP, 361 N.J. Super. 362, 365 n.1 (App. Div. 2003)).  "In evaluating motions to dismiss, [judges] consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.'"  Ibid. (quoting Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005)).  "It is the existence of the fundament of a cause of action in those documents that is pivotal; the ability of the plaintiff to prove [the] allegations is not at issue."  Ibid. (quoting Banco Popular, 184 N.J. at 183).

Here, in addition to examining the complaint, the judge considered the User Agreement and Harmston's certification, which detailed the various breaches of the User Agreement.  Plaintiff's complaint references a contract between plaintiff and LinkedIn.  That contract includes LinkedIn's User

6

Agreement and Terms of Service. We, therefore, conclude there was no error by considering these documents as part of the motion to dismiss.

We disagree with plaintiff's assertion that the judge denied him due process and a meaningful opportunity to respond. The schedule governing the timing of motions and responses set by Rule 1:6-3 applies "unless otherwise provided by court order." R. 1:6-3(a). At plaintiff's request, the matter proceeded by OTSC with an accelerated briefing schedule. The record, and plaintiff's own actions, belie his contention that the judge did not afford him adequate time. Plaintiff did not ask for an extension of time and filed a reply brief in response to LinkedIn's motion to dismiss, which failed to address the jurisdictional issue or any of LinkedIn's arguments in opposition. We, therefore, see no error in the judge's briefing schedule or the opportunity to respond.

II.

We review the dismissal of a complaint on legal grounds, including based on a forum selection clause, de novo. Hoffman v. Supplements Togo Mgmt., LLC, 419 N.J. Super. 596, 605 (App. Div. 2011).

Plaintiff asserts he lacked reasonable notice of the terms of the User Agreement, including the provision containing the forum selection clause. He did not dispute the binding effect of the forum selection clause before the judge,

A-0188-20

despite it being the focus of LinkedIn's motion to dismiss, and does not address its validity or enforceability on appeal. LinkedIn contends plaintiff validly assented to the "sign-in-wrap" agreement, which contained a sufficiently noticeable hyperlink containing the User Agreement and Terms of Service. LinkedIn further maintains that the forum selection clause is valid and enforceable because it is not unduly oppressive and does not violate public policy, as required under New Jersey law.

"A court lacks subject matter jurisdiction over a case if it is brought in an ineligible forum." Id. at 606. The question of whether a forum selection clause is binding upon a purchaser of a service "turns upon fundamental precepts of contract law." Ibid. Thus, like any other contract, an online service contract requires mutual assent or "a meeting of the minds." Ibid.

Forum selection clauses are prima facie valid and enforceable in New Jersey. Caspi v. Microsoft Network, L.L.C., 323 N.J. Super. 118, 122 (App. Div. 1999). "The courts of our State have generally enforced such forum selection clauses, where: (1) they are not the product of fraud or undue bargaining power, (2) they would not violate public policy, and (3) their enforcement would not seriously inconvenience the parties at trial." Hoffman, 419 N.J. Super. at 606. "In applying these standards of enforceability, a critical

A-0188-20

consideration is whether or not the plaintiff was provided with fair notice of the forum selection clause." Id. at 607. "If a forum selection clause is clear in its purport and has been presented to the party to be bound in a fair and forthright fashion, no consumer fraud policies or principles have been violated." Ibid. (emphasis omitted) (quoting Caspi, 323 N.J. Super. at 124). It cannot be "proffered unfairly, or with a design to conceal or de-emphasize its provisions." Id. at 611 (quoting Caspi, 323 N.J. Super. at 126). The issue of reasonable notice regarding a forum selection clause is a question of law to be reviewed de novo. Ibid.

The agreement at issue is commonly referred to as a "sign-in-wrap." Sign-in-wraps are agreements that "notify the user of the existence of a website's terms of use and, instead of providing an 'I agree' button, advise the user that he or she is agreeing to the terms of service when registering or signing up." Meyer v. Uber Techs., Inc., 868 F.3d 66, 75-76 (2d. Cir. 2017); see also Wollen v. Gulf Stream Restoration & Cleaning, LLC, 468 N.J. Super. 483, 495-96 (App. Div. 2021) Courts give effect to sign-in-wrap agreements, if, under a fact-sensitive inquiry, if the user was provided with notice of the applicable terms. Wollen, 468 N.J. Super. 495-96. In Caspi, this court found enforceable a forum selection clause, which was contained in a membership agreement that "appear[ed] on the

[subscriber's] computer screen in a scrollable window next to blocks providing the choices 'I Agree' and 'I Don't Agree.'" 323 N.J. Super. at 122, 125-26. Conversely, in <u>Hoffman</u>, this court found a forum selection clause unenforceable where the seller's website was unfairly structured so that the clause would not appear on a purchaser's computer screen unless they "scrolled down to display the 'submerged' clause before adding the product to" their cart. 419 N.J. Super. at 598.

When completing his premium subscription order, plaintiff was required to click a button, stating, "Start your free trial." Above the button was the following statement:

> By placing this order you agree to our <u>terms of service</u>. To ensure continued service, we'll store and update (e.g., upon expiration) your payment method. Learn about how to cancel and our refund policy.

The reference to the "terms of service" is a hyperlink, located directly above the button used to purchase the service, and by clicking on the reference, the user is taken directly to LinkedIn's User Agreement. The terms of service contains the following clause:

> 6. Governing Law and Dispute Resolution
>
> . . . .

A-0188-20

. . . . You and LinkedIn agree that the laws of the State of California, U.S.A., excluding its conflict of laws rules, shall exclusively govern any dispute relating to this Contract and/or the Services. You and LinkedIn both agree that all claims and disputes can be litigated only in the federal or state courts in Santa Clara County, California, [U.S.A.], and you and LinkedIn each agree to personal jurisdiction in those courts.

Here, the clause was not submerged nor hidden. And, like in Caspi, the clause was "clear in its purport and has been presented to the party to be bound in a fair and forthright fashion." 323 N.J. Super. at 124. Therefore, plaintiff cannot assert that he had no notice of the terms.

As to the validity of the clause itself, plaintiff never alleged that LinkedIn acted improperly by including a forum selection clause. Plaintiff failed to meet his burden of showing that the forum selection clause was oppressive, violated public policy, or was unduly inconvenient to the parties. Plaintiff has not shown that he was the subject of overwhelming bargaining power in dealing with LinkedIn. See Carnival Cruise Lines v. Shute, 499 U.S. 585, 593-94 (1991) (holding that a corporate vendor's inclusion of a forum selection clause in a consumer contract does not itself constitute overwhelming bargaining power).

Furthermore, plaintiff retained the option of rejecting the contract and LinkedIn's services. And, moreover, applying the forum selection clause does not contravene public policy. See Wilfred MacDonald, Inc. v. Cushman, Inc.,

11

256 N.J. Super. 58, 63-65 (App. Div. 1992) (noting that the enforcement of a forum selection clause is not contrary to public policy). The judge, therefore, did not err in dismissing plaintiff's complaint where the judge did not directly adjudicate plaintiff's ability to consent to the forum selection clause.

III.

The forum selection clause precludes plaintiff's fraud claims; however, we also reject plaintiff's contention that the judge erred in dismissing his complaint where there were material fact issues as to whether LinkedIn's customer service constituted common law fraud or fraud under the CFA on the merits.

We review a judge's decision to dismiss for failure to state a claim de novo. MasTec Renewables Constr. Co., Inc. v. SunLight Gen. Mercer Solar, LLC, 462 N.J. Super. 297, 309 (App. Div. 2020). Under Rule 4:6-2(e), a trial judge must "search the complaint 'in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Banco Popular, 184 N.J. at 165 (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). The review must be performed in a manner that is "generous and hospitable." Printing Mart-Morristown, 116 N.J. at 746. Our review requires us to simply determine whether a cause of action is

12

"suggested" by the complaint. Ibid. (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)). "[I]f the complaint states no basis for relief and discovery would not provide one, dismissal is the appropriate remedy." Banco Popular, 184 N.J. at 166.

To establish a common law fraud claim, a plaintiff must demonstrate that a "defendant: (1) made a representation or omission of a material fact; (2) with knowledge of its falsity; (3) intending that the representation or omission be relied upon; (4) which resulted in reasonable reliance; and that (5) [the] plaintiff suffered damages." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 336 (App. Div. 2013) (citing Jewish Ctr. of Sussex Cnty. v. Whale, 86 N.J. 619, 624 (1981)). The fraud pleading must allege "particulars of the wrong, with dates and items if necessary, . . . insofar as practicable." R. 4:5-8(a). Plaintiff's complaint asserts that "defendant knowingly concealed material facts with the intent that [he] rely on such concealment" and that "[he] relied upon the concealment and omission of these facts, to his detriment." He does not specify what LinkedIn concealed or omitted. Plaintiff's general allegation is insufficient to state a claim for common law fraud.

A-0188-20

To state a private claim under the CFA, a consumer must allege "unlawful conduct; an ascertainable loss; and a causal relationship between the unlawful conduct and the ascertainable loss." Heyert v. Taddese, 431 N.J. Super. 388, 412 (App. Div. 2013); N.J.S.A. 56:8-19. "Because a claim under the CFA is essentially a fraud claim, [Rule 4:5-8(a)] requires that such claims be pled with specificity to the extent practicable." Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 112 (App. Div. 2009). Plaintiff's complaint is bereft of any particulars that adequately allege fraud under the CFA.

IV.

Finally, we conclude that the judge properly denied injunctive relief. Plaintiff's request for injunctive relief is also barred by the forum selection clause, nonetheless, we address his claim on the merits.

We review a trial judge's decision to grant or deny a preliminary injunction for an abuse of discretion. Rinaldo v. RLR Inv., LLC, 387 N.J. Super. 387, 395 (App. Div. 2006). A judge abuses his or her discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. INS, 779 F.2d 1260, 1265 (7th Cir. 1985)).

14                                                                    A-0188-20

When determining whether a party is entitled to preliminary injunctive relief, we must consider the four factors outlined in Crowe v. DeGioia, 90 N.J. 126 (1982). See Garden State Equal. v. Dow, 216 N.J. 314, 320 (2013) (reiterating the factors outlined in Crowe, 90 N.J. at 132-34). First, "a preliminary injunction should not issue except when necessary to prevent irreparable harm." Crowe, 90 N.J. at 132. "Harm is generally considered irreparable in equity if it cannot be redressed adequately by monetary damages." Id. at 132-33. Second, "temporary relief should be withheld when the legal right underlying [the] plaintiff's claim is unsettled." Id. at 133. Third, a "preliminary injunction should not issue where all material facts are controverted." Ibid. Under the third factor, "to prevail on an application for temporary relief, a plaintiff must make a preliminary showing of a reasonable probability of ultimate success on the merits." Ibid. Fourth, and finally, a judge must consider the "relative hardship to the parties in granting or denying relief." Id. at 134.

We acknowledge that the judge did not provide a statement of reasons for his denial in compliance with Rule 1:7-4(a). Notwithstanding this error, we find that the judge did not abuse his discretion in denying relief because, under Crowe, plaintiff failed to allege irreparable harm and failed to show that an adequate remedy at law does not exist. This is especially apparent where

plaintiff sought compensatory, treble, and punitive damages. Plaintiff offered no explanation for why this remedy, outside of his requested equitable relief, was valid.

Plaintiff also argues that an OTSC "should not be a final adjudication on the matter." To support this proposition, plaintiff cites Solondz v. Kornmehl, 317 N.J. Super. 16 (App. Div. 1998), contending that if the judge found that dismissal should be granted "he should have denied the emergent relief while allowing the controversy to proceed to be fully litigated in accordance with principles of due process." In Solondz, the trial judge entered judgment enforcing a contract against plaintiff because there was no material fact in dispute. Id. at 22. Here, the judge properly dismissed plaintiff's complaint because there was no dispute as to the legal effect of the forum selection clause.

Plaintiff contends that if the judge found that dismissal was proper, "he should have denied the emergent relief while allowing the controversy to proceed to be fully litigated in accordance with principles of due process." LinkedIn does not contest that the dismissal should not have been with prejudice. We, therefore, remand and direct the judge to modify the order to make clear that the dismissal of plaintiff's complaint is without prejudice,

thereby allowing him to file an action in the appropriate judicial forum in California.

Affirmed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0188-20