**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0723-24

VARDA CHOCOLATIER
INCORPORATED,

    Plaintiff-Appellant,

v.

VARDA SHAMBAN and
VARDA INTERNATIONAL CORP.,

    Defendants-Respondents.

_____

        Argued December 17, 2025 – Decided January 14, 2026

        Before Judges Mayer, Vanek and Jacobs.

        On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-1658-22.

        Daniel J. Kluska argued the cause for appellant (Wilentz, Goldman & Spitzer PA, attorneys; Daniel J. Kluska and Samantha J. Stillo, of counsel and on the briefs).

        Steven Pontell argued the cause for respondents (Meyerson, Fox & Conte, PA, and Londa & Londa, attorneys; Steven Pontell and Erik Topp, on the brief).

PER CURIAM

Varda Chocolatier, Inc. (Buyer) appeals from a September 27, 2024 order dismissing this consolidated litigation without prejudice based on a forum selection clause requiring the parties to litigate in a federal or New York state court. Although we discern no error in the judge's conclusion that the forum selection clause is mandatory, we vacate the order and remand for the trial court to address whether the clause applies to all claims in the consolidated litigation and to determine if the parties waived enforcement of the forum selection clause.

I.

This litigation stems from a dispute following the execution of an Asset Purchase Agreement (APA) by Varda Chocolatier, Inc. (Buyer), Varda International Corp. (Seller) and Varda Shamban (Shamban) in October 2020. Under Section 7.08(a) of the APA:

> (a)    All matters arising out of or relating to this Agreement shall be governed by and construed in accordance with the internal laws of the State of New York without giving effect to the conflict of law provisions thereof to the extent such provisions would require or permit the application of the laws of any jurisdiction other than the State of New York. Any legal suit, action, proceeding or dispute arising out of or relating to this Agreement, the other Transaction Documents or the transactions contemplated hereby or thereby may be instituted in the federal courts of the United States of America or the courts of the State of New York in each case located in the city of New York

2

and county of New York and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action, proceeding or dispute (Section 7.08(a)).

On February 8, 2021, Buyer and Seller entered into an agreement through which Buyer leased certain real property in Elizabeth, New Jersey (the Property) from Seller (the Lease). The APA was amended on February 10, 2021, to state that the Property "[s]hall be purchased separately from the balance of the Purchased Assets."

On June 8, 2022, Buyer filed a complaint in the Superior Court of New Jersey, Law Division (the Law Division) against Seller and Shamban, which contained causes of action stemming from the APA. One day later, Seller filed a summary dispossess action against Buyer in the Special Civil Part based on non-payment of rent for the Property.

Two months later, Seller and Shamban moved to dismiss Buyer's Law Division complaint, arguing the forum selection clause in Section 7.08(a) precluded suit in New Jersey and required litigation in either a federal or a New York state court. On September 22, Seller filed another action against Buyer in the Law Division seeking possession of the Property based on Seller's

3

termination of the Lease.  One week later, the court consolidated the three complaints.[1]

On November 10, a Law Division judge entered an order and written decision denying Seller and Shamban's motion.  The judge found the forum selection clause was permissive, not mandatory.  The judge determined "New Jersey is the proper forum, but that New York law governs all matters arising out of or relating to the [APA]".

On November 30, the Law Division judge transferred the consolidated case to the Complex Business Litigation Program (CBLP), where the parties engaged in discovery, mediation, and motion practice for over two years.  On March 3, 2023, the CBLP judge entered an order requiring Buyer to pay all outstanding rent and to continue further payments under the Lease, among other relief.

When Buyer moved for leave to amend its complaint, the CBLP judge sua sponte reconsidered whether the court has jurisdiction "given the [APA] contains a forum-selection in Section 7.08(a)."  On September 27, 2024, the CBLP judge vacated the Law Division judge's November 10, 2022 order and dismissed the consolidated action without prejudice in an order accompanied by

---

[1]  The order consolidated the actions docketed under L-2581-22 (formerly LT-2730-22) and L-2586-22 with L-1658-22.

4

a written decision. The CBLP judge found reconsideration was appropriate under <u>Lawson v. Dewar</u>, 488 N.J. Super. 128 (App. Div. 2021), and stated the interest of justice is not served when a court hears a case absent having subject matter jurisdiction.

The CBLP judge found the forum selection clause in Section 7.08(a) "is not permissive," and "[g]iving 'exclusive jurisdiction' its plain meaning requires the parties to bring their APA-related claims in New York." The judge found policy considerations did not warrant application of the entire controversy doctrine or withholding enforcement of the consented-to forum selection clause.

After the September 27, 2024 order was entered, Buyer appealed. Buyer then filed a complaint against Seller, Shamban and others in New York state court which contained causes of action arising under the APA and the Lease.

## II.

A court cannot hear a case where it lacks subject matter jurisdiction. <u>Peper v. Princeton Univ. Bd. of Trustees</u>, 77 N.J. 55, 65 (1978). "[A] court lacks subject matter jurisdiction over a case if it is brought in an ineligible forum[,] [or the parties] entered into an enforceable agreement to bring such claims in another forum." <u>Hoffman v. Supplements Togo Mgmt., LLC</u>, 419 N.J. Super. 596, 606 (App. Div. 2011).

A-0723-24

Judges have an "independent, non-delegable duty" to discern whether subject matter jurisdiction exists. Murray v. Comcast Corp., 457 N.J. Super. 464, 470, 201 (App. Div. 2019). "The issue of subject matter jurisdiction may be raised at any time," Macysyn v. Hensler, 329 N.J. Super. 476, 481 (App. Div. 2000), including by the court sua sponte. See Rule 4:6-7 (noting "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the matter").

We review whether a court has subject matter jurisdiction de novo. AmeriCare Emergency Med. Serv., Inc. v. City of Orange Twp., 463 N.J. Super. 562, 570 (App. Div. 2020). Likewise, we review a court's ruling on the enforceability of a forum selection clause de novo. Largoza v. FKM Real Estate Holdings, Inc., 474 N.J. Super. 61, 72 (App. Div. 2022).

III.

A.

The parties do not dispute the CBLP judge's authority to sua sponte reconsider the November 10, 2022 order denying Seller and Shamban's motion to dismiss based on the forum selection clause in Section 7.08(a). Instead, Buyer contends the forum selection clause is permissive and asserts the CBLP judge erred by focusing on the term "exclusive jurisdiction" to find the clause is mandatory. Although we discern no error in the CBLP judge's determination

6

that the forum selection clause in Section 7.08(a) is mandatory, we remand for a finding as to whether the clause applies to all of the claims in the consolidated litigation.

It is well-established that parties may consent to a contractual term through which they agree any dispute arising from the agreement shall be filed in a particular forum. See Caspi v. Microsoft Network, LLC, 323 N.J. Super. 118, 122 (App. Div. 1999). "[F]orum selection clauses are prima facie valid and enforceable in New Jersey." Largoza, 474 N.J. Super. at 72 (quoting Caspi, 323 N.J. Super. at 122). Forum selection clauses "will be enforced unless the party objecting thereto demonstrates: (1) the clause is a result of fraud or overweening bargaining power, or (2) the enforcement in a foreign forum would violate strong public policy of the local forum, or (3) enforcement would be seriously inconvenient for the trial." Largoza, 474 N.J. Super. at 72-73 (quoting McNeill v. Zoref, 297 N.J. Super. 213, 219 (App. Div. 1997)).

The meaning and enforceability of a forum selection clause "turns upon fundamental precepts of contract law" and, depending upon its specific terms, a forum selection clause may be either mandatory or permissive. See Hoffman, 419 N.J. Super. at 606; see also Paradise Enters. Ltd. v. Sapir, 356 N.J. Super. 96, 115 (App. Div. 2002) (explaining forum selection clauses are either mandatory or permissive). In Paradise, the court held a forum selection clause

A-0723-24

mandatory where the clause stated "the courts of the State of New Jersey shall have jurisdiction" to hear certain claims and the parties consented in advance to jurisdiction being vested in the New Jersey courts. 356 N.J. Super. at 101.

Here, the CBLP judge relied on McMahon v. City of Newark, 195 N.J. 526 (2008), to find the forum selection clause in Section 7.08(a) is mandatory, vesting federal or New York state courts with exclusive jurisdiction over the consolidated matter. The forum selection clause at issue in McMahon stated in pertinent part that "either party may apply to the Superior Court of New Jersey by an appropriate proceeding, to settle and resolve [the claims]." McMahon, 195 N.J. at 531. The McMahon Court reasoned the clause was mandatory despite including the term "may," as it "plainly sets forth that such dispute is cognizable in the Superior Court or, failing Superior Court jurisdiction, [the clause compelled] arbitration under the rules of the American Arbitration Association." Id. at 545.

Here, the CBLP judge found the forum selection clause in Section 7.08(a) mandatory because of its clear and unambiguous language requiring litigation in federal or New York state courts. Quinn v. Quinn, 225 N.J. 34, 45 (2016) ("A court should not rewrite a contract or grant a better deal than that for which the parties expressly bargained."). Based on the reasoning in McMahon, we are unconvinced the use of the term "may" rendered the forum selection clause in

8

Section 7.08(a) permissive.  Like the clause at issue in <u>McMahon</u>, Section 7.08(a)'s forum selection clause is mandatory because it states that any claims related to the APA "may be instituted in the federal courts of the United States of America or the courts of the State of New York," with "may" denoting the parties' choice between the only consented-to venues for suit.

Section 7.08(a) also states the parties "irrevocably submit to the exclusive jurisdiction" of federal and New York state courts.  Thus, we discern no error in the CBLP judge's finding that the exclusive jurisdiction clause in Section 7.08(a) evinces the parties' intent to file all APA-related disputes in federal or New York state courts.

Although we are unconvinced the CBLP judge erred in finding the forum selection clause in Section 7.08(a) is mandatory, the judge did not analyze whether the clause applies to all claims asserted in the parties' consolidated litigation.  For example, the CBLP judge did not address whether the Seller's summary dispossess action was subject to the forum selection clause because the purchase of the Property was segregated from the sale of the business under the APA amendment and Buyer's possession of the Property was subject to the terms of a separate Lease.  Nor did the CBLP judge make findings on the applicability of Section 7.08(a) to the tort-based causes of action.  Thus, the judge shall address application of the forum selection clause in Section 7.08(a)

9

A-0723-24

to each of the remaining claims in the consolidated litigation on remand.

B.

We also remand for the judge to consider whether the parties waived the forum selection clause. The court shall apply the factors set forth in Cole v. Jersey City Med. Ctr., 215 N.J. 265, 280 (2013), to determine whether the parties' continued litigation in New Jersey for approximately two years after the entry of the November 10, 2022 order and subsequent filings in New York state court, among other relevant facts, were tantamount to waiver of the forum selection clause.

Waiver is "the voluntary and intentional relinquishment of a known right." Knorr v. Smeal, 178 N.J. 169, 177 (2003). Waiver may be inferred from conduct, in addition to explicit declarations. Ibid. In Shebar v. Sanyo Business Systems Corp., 111 N.J. 276, 291 (1988), the Court described waiver as follows:

> Waiver, under New Jersey law, involves the intentional relinquishment of a known right, and thus it must be shown that the party charged with the waiver knew of [that party's] legal rights and deliberately intended to relinquish them. . . . [W]aiver implies an election by the party to dispense with something of value, or to forego some advantage which [one] might at [one's] option have demanded and insisted on. Questions of waiver, therefore, are usually questions of intent. . . .
>
> [Ibid. (quotations omitted).]

10

Whether a party waived the enforcement of a forum selection clause is determined through a fact-sensitive analysis considering the factors set forth in Cole, where no one factor is dispositive. 215 N.J. 265, 280 (2013). The Cole waiver analysis applies to forum selection clauses, Largoza, 474 N.J. Super. at 85, and requires the trial court to consider:

> (1) the delay in making the [enforcement] request; (2) the filing of any motions, particularly dispositive motions, and their outcomes; (3) whether the delay in seeking [enforcement] was part of the party's litigation strategy; (4) the extent of discovery conducted; (5) whether the party raised the [enforcement] issue in its pleadings, particularly as an affirmative defense, or provided other notification of its intent to seek arbitration; (6) the proximity of the date on which the party sought [enforcement] to the date of trial; and (7) the resulting prejudice suffered by the other party, if any.
>
> [Cole, 215 N.J. at 280-81.]

Buyer argues the CBLP judge erred by failing to determine whether the parties waived the forum selection clause. Seller and Shamban maintain that the application of the Cole factors does not demonstrate they waived the forum selection clause.

Because the CBLP judge did not conduct the Cole analysis nor make a finding as to waiver, we are unable to review this issue on appeal. Accordingly, we vacate the September 27, 2024 order and remand for findings of fact and

11

conclusions of law pursuant to Rule 1:7-4 as to whether the parties waived the forum selection clause based on analysis of the Cole factors, consistent with our decision. We express no opinion as to the outcome on remand.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0723-24