**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2856-24

NARROW PATH TRANSPORT
LLC,

     Plaintiff-Respondent,

v.

TOTAL QUALITY LOGISTICS,
LLC,

     Defendant-Appellant.

_____

        Submitted January 14, 2026 – Decided February 9, 2026

        Before Judges Paganelli and Vanek.

        On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. SC-000213-25.

        Kublanovsky Law LLC, attorneys for appellant (Eugene Kublanovsky and Erik Dykema, on the brief).

        Respondent has not filed a brief.

PER CURIAM

Defendant Total Quality Logistics, LLC (TQL) appeals from a judgment entered for plaintiff Narrow Path Transport, LLC (Narrow Path) in the Special Civil Part, Small Claims Division, after the trial court denied TQL's motion to dismiss the complaint based on a contractual forum selection clause requiring the parties to litigate in Ohio.[1] We vacate the judgment and remand for the court to set forth a statement of reasons comporting with Rule 1:7-4 after determining whether the forum selection clause is enforceable or has been waived, based on prevailing law. In the event the court finds litigation was properly commenced in New Jersey, it shall conduct a new trial based on sworn testimony.

## I.

TQL is an Ohio-based company that arranges freight transportation services on behalf of third-party customers. Narrow Path is a New Jersey-based freight carrier.

On or about July 17, 2023, TQL entered into a "Broker-Carrier" Agreement (the Agreement) with Narrow Path to transport vehicle trailers for TQL's customers on request. The Agreement contained a provision requiring Narrow Path to indemnify TQL against certain claims related to its performance under the Agreement. The Agreement allowed TQL to offset Narrow Path's

---

[1] The record does not reference a separate order denying TQL's motion.

A-2856-24

indemnity obligations to TQL or its customers against any amount due to Narrow Path.

Section 15 of the Agreement provides:

> This Agreement will be governed by the laws of the State of Ohio, except to the extent that federal transportation Laws preempt those laws, without giving effect to conflict of law provisions which would result in the application of any law other than Ohio law. The [p]arties consent to the jurisdiction of the state court located in Clermont County, Ohio, waive any objection to the jurisdiction of that court, and agree that any dispute between the [p]arties, including, without limitation, those arising under or related to this Agreement, will be brought in that court, which will have exclusive jurisdiction over such dispute.

Narrow Path subsequently filed a small claims complaint against TQL seeking reimbursement of an amount TQL had deducted from Narrow Path's earnings on other TQL jobs to pay for a customer's damages pursuant to the Agreement's indemnification and offset provisions. The court scheduled trial for April 24, 2025. A few days before trial, TQL moved to dismiss the complaint based on the Agreement's forum selection clause, which requires litigation to proceed in an Ohio state court.

Initially only Narrow Path's representatives were present in the courtroom for trial; TQL's representative later joined remotely. The record does not reflect any of the individuals were sworn in before providing trial testimony. Narrow

3

Path did not argue the forum selection clause was inapplicable in opposition to TQL's motion. After hearing from Narrow Path as to its request for the entry of judgment, the judge denied TQL's dismissal motion, stating that TQL subjected itself to the jurisdiction of New Jersey courts based on the parties' course of conduct, which included seventy prior transports.

The judge then entered a monetary judgment in favor of Narrow Path based on unsworn trial proofs. TQL argues on appeal that the judge erred by denying its dismissal motion seeking to enforce the Agreement's forum selection clause and by entering a judgment absent subject matter jurisdiction.

## II.

A court cannot hear a case if it lacks subject matter jurisdiction. Peper v. Princeton Univ. Bd. of Trustees, 77 N.J. 55, 65 (1978). "A court lacks subject matter jurisdiction over a case if it is brought in an ineligible forum. . . . [Thus] a plaintiff cannot file suit in a court if he or she has entered into an enforceable agreement to bring such claims in another forum." Hoffman v. Supplements Togo Mgmt., LLC, 419 N.J. Super. 596, 606 (App. Div. 2011).

Our standard of review of a trial court's determination as to whether it has subject matter jurisdiction is well settled. We review whether a court has subject matter jurisdiction de novo. AmeriCare Emergency Med. Serv., Inc. v. City of

Orange Twp., 463 N.J. Super. 562, 570 (App. Div. 2020). Likewise, our review of a court's ruling on the enforceability of a forum selection clause is de novo. Largoza v. FKM Real Estate Holdings, Inc., 474 N.J. Super. 61, 72 (App. Div. 2022).

Our ability to resolve an appeal is largely dependent on the trial court's compliance with its Rule 1:7-4 obligation to "'state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (alterations in original). Without a statement of reasons, "we are left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990).

### III.

Based on our review of the record and prevailing law, we are constrained to vacate the judgment and remand for the court to comply with Rule 1:7-4 as to its denial of TQL's dismissal motion because the determination not to enforce the forum selection clause was without explanation.

### A.

It is well established that contracting parties may agree to resolve any

dispute arising from their agreement in a particular forum. See McNeill v. Zoref, 297 N.J. Super. 213, 219 (App. Div. 1997). "[F]orum selection clauses are prima facie valid and enforceable in New Jersey." Largoza, 474 N.J. Super. at 72 (alteration in original) (quoting Caspi v. Microsoft Network, LLC, 323 N.J. Super. 118, 122 (App. Div. 1999)). "Forum selection clauses 'will be enforced unless the party objecting thereto demonstrates: (1) the clause is a result of fraud or overweening bargaining power, or (2) the enforcement in a foreign forum would violate strong public policy of the local forum, or (3) enforcement would be seriously inconvenient for the trial.'" Id. at 72-73 (quoting McNeill, 297 N.J. at 219).

Where an enforceable forum selection clause binds the parties, whether New Jersey courts could have exercised personal jurisdiction over the defendant is irrelevant. See Allure Pet Products, LLC v. Donnelly Mktg. & Dev. LLC, 477 N.J. Super. 541, 555 (App. Div. 2024) (noting nonresident defendant having minimum contacts with New Jersey could have included a forum selection clause in its contract to require disputes be litigated elsewhere).

A party may waive their right to enforce a forum selection clause. Knorr v. Smeal, 178 N.J. 169, 177 (2003). Waiver constitutes "the voluntary and intentional relinquishment of a known right." Ibid. To be effective, a waiving

party must have "full knowledge of their legal rights and inten[d] to surrender those rights." Ibid. Waiver is not required to be made expressly and may be inferred from conduct in addition to explicit declarations. Ibid. "The party waiving a known right must do so clearly, unequivocally, and decisively." Ibid.

A court's analysis regarding the waiver of a forum selection clause is similar to the analysis conducted regarding the waiver of an arbitration clause. See Largoza, 474 N.J. Super. at 85. The analysis requires a trial court to consider:

> (1) the delay in making the [enforcement] request; (2) the filing of any motions, particularly dispositive motions, and their outcomes; (3) whether the delay in seeking [enforcement] was part of the party's litigation strategy; (4) the extent of discovery conducted; (5) whether the party raised the [enforcement] issue in its pleadings, particularly as an affirmative defense, or provided other notification of its intent to seek arbitration; (6) the proximity of the date on which the party sought [enforcement] to the date of trial; and (7) the resulting prejudice suffered by the other party, if any.
>
> [Cole v. Jersey City Med. Center, 215 N.J. 265, 280-81 (2013).]

B.

Because the record is devoid of clear findings underpinning the trial court's decision not to enforce the forum selection clause, we are compelled to

7

vacate the judgment and remand for compliance with Rule 1:7-4. The judge did not analyze whether the clause was enforceable based on prevailing law. Based on the information we glean from the record, the judge failed to set forth any analysis of the Cole factors in determining that TQL waived enforcement of the forum selection clause.

Thus, we vacate the judgment and remand for the judge to issue a statement of reasons, "stat[ing] clearly [its] factual findings and correlat[ing] them with relevant legal conclusions," as to all issues consistent with this opinion. Catabran, 445 N.J. Super. at 594 (second alteration in the original). We express no opinion as to the outcome on remand.

If the trial judge concludes the Agreement's forum selection clause is unenforceable or TQL waived enforcement of that clause and determines that the litigation should proceed in New Jersey, the matter shall be scheduled for a new trial and any trial witnesses shall be sworn prior to providing testimony. See N.J. Div. of Youth and Fam. Servs. v. J.Y., 352 N.J. Super. 245, 265 (App. Div. 2002) (noting that, under N.J.R.E. 603, "[t]estimonial evidence must be presented through witnesses who are under oath").

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

8

A-2856-24