NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230022-U

NO. 4-23-0022

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 6, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| DAVID K. ANDERSON, | ) | No. 76CF294 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John M. Madonia, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice DeArmond and Justice Lannerd concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Because defendant's appeal lacks arguable merit, the Office of the State Appellate Defender is granted leave to withdraw as appellate counsel, and the trial court's judgment dismissing defendant's section 2-1401 petition for relief from judgment is affirmed.

¶ 2     Defendant, David K. Anderson, appeals the trial court's dismissal of his *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)). On appeal, the Office of the State Appellate Defender (OSAD) was appointed to represent him. OSAD has moved to withdraw as counsel, arguing defendant's appeal lacks arguable merit. We grant OSAD's motion and affirm the court's dismissal of defendant's petition.

¶ 3                        I. BACKGROUND

¶ 4     Following a jury trial in December 1976, defendant was convicted of murder,

armed robbery, and conspiracy to commit armed robbery, and the trial court sentenced him to 75 to 150 years in prison. On direct appeal, this court reversed defendant's conspiracy conviction but otherwise affirmed the trial court's judgment. *People v. Anderson*, No. 14362 (1978) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5　　　　In July 1983, defendant filed a *pro se* postconviction petition. He alleged that (1) he was denied his right to a fair and impartial jury, (2) he was improperly found guilty of multiple counts of armed robbery and murder based upon one act of armed robbery and the death of one victim, (3) he received ineffective assistance of counsel, (4) his confession was illegally obtained and improperly admitted at trial, (5) the trial court improperly allowed information about a previous arrest to be submitted to the jury, (6) he was denied his right to obtain witnesses in his favor, and (7) his sentence was excessive. The court appointed attorney Joseph Miller to represent defendant during postconviction proceedings. In September 1984, the State filed a motion to dismiss defendant's petition.

¶ 6　　　　Docket entries reflect that in October 1984, defendant's case was assigned to Judge J.S. Rhodes "for all further proceedings." On March 11, 1985, Miller filed an amended postconviction petition on defendant's behalf, realleging the issues set forth in defendant's *pro se* petition and adding a claim that defendant was "illegally sentenced" because the trial court considered the reports and opinions of doctors who had evaluated his fitness to stand trial. The same day, the court conducted a hearing on the State's motion to dismiss and took the matter under advisement. On March 14, 1985, the State filed a motion to dismiss defendant's amended petition. On March 18, 1985, the court made a docket entry, which stated as follows: "Motion to dismiss post-conviction petition allowed. Copy of docket entry sent to [Assistant State's Attorney] Collins and attorney Joseph Miller. JSR/cw."

¶ 7        The record reflects defendant filed a timely notice of appeal from the trial court's dismissal of his postconviction petition. In January 1986, this court affirmed the court's dismissal. *People v. Anderson*, No. 4-85-0352 (1986) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8        In December 2016, defendant filed a motion for leave to file a successive postconviction petition "as combined," stating he was asserting a claim of actual innocence and that the petition he wanted to file sought relief under (1) the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)); (2) section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2016)), providing for the filing of petitions for relief from judgment; and (3) section 10-101 of the Code (*id.* § 10-101 *et seq.*), providing for the filing of complaints for *habeas corpus* relief. Contemporaneously with his motion, defendant filed his proposed "combined" petition.

¶ 9        In February 2017, the State filed a response, asking the trial court to deny defendant leave to file his petition. It argued defendant failed to raise a colorable claim of actual innocence and was impermissibly seeking to relitigate an issue. Following a hearing in September 2017, the court denied defendant's motion and struck his proposed combined petition. The court found defendant's proposed pleading was impermissible and no authority existed "to combine the relief requested into one motion."

¶ 10       In December 2021, defendant filed the section 2-1401 petition for relief from judgment that is at issue on appeal. He argued the trial court's March 18, 1985, second-stage dismissal of his postconviction petition was "void" because the court failed to enter a valid order under Illinois law. Defendant asked the court to vacate that dismissal and reinstate his petition. According to defendant, the court failed to comply with Illinois Supreme Court Rule 651(b) (eff. Dec. 1, 1984), which required notice to a postconviction petitioner of an adverse judgment and

provided as follows:

> "Upon the entry of a judgment adverse to a petitioner in a post-conviction proceeding, the clerk of the trial court shall at once mail or deliver to the petitioner a notice in substantially the following form:

> 'You are hereby notified that on _____ the court entered an order, a copy of which is enclosed herewith. You have a right to appeal. In the case of an appeal from a postconviction proceeding involving a judgment imposing a sentence of death, the appeal is to the Illinois Supreme Court. In all other cases, the appeal is to the Illinois Appellate Court in the district in which the circuit court is located. If you are indigent, you have a right to a transcript of the record of the post-conviction proceedings and to the appointment of counsel on appeal, both without cost to you. To preserve your right to appeal you must file a notice of appeal in the trial court within 30 days from the date the order was entered.' "

Defendant acknowledged that the dismissal of his postconviction petition was set forth in a docket entry of the court, which also directed that a copy of the docket entry be sent to the State and defendant's counsel. However, defendant asserted such action was not in compliance with Rule 651(b), which required (1) the issuance of a "Notice" as prescribed in the rule, (2) that notification of the court's ruling be sent to defendant rather than his counsel, and (3) that the court's ruling be set forth in a written order signed by the judge rather than by a docket entry. Defendant also argued that the court's dismissal of his petition was void because the court failed to rule, either orally or in writing, on the legal sufficiency of each of his postconviction claims.

¶ 11    The same month, the State filed a combined motion to dismiss defendant's petition pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2020)). It argued dismissal

was appropriate under section 2-619 of the Code (*id.* § 2-619) because (1) defendant's claim was untimely brought 36 years after the challenged judgment, (2) defendant failed to exercise due diligence in bringing his claim, and (3) defendant's claims were barred by *res judicata* and waiver where they could have been raised in his 1985 appeal from the trial court's dismissal of his postconviction petition. The State also argued dismissal was appropriate under section 2-615 of the Code (*id.* § 2-615) because (1) the purpose of a section 2-1401 proceeding is to correct errors of fact occurring in the prosecution of a case and not to challenge the form of a postconviction dismissal order, (2) defendant failed to assert any prejudice as a result of the court's alleged errors, and (3) defendant failed to plead facts showing any error in the dismissal of his postconviction petition. In setting forth its arguments, the State challenged defendant's assertion that the court's March 1985 dismissal was void, citing authority for the proposition that only a lack of personal or subject matter jurisdiction renders a judgment void.

¶ 12    In February 2022, defendant filed a response to the State's motion, reasserting that the trial court's failure to "comply with the mandates of written law" rendered its dismissal ruling void. In May 2022, defendant filed a motion to supplement and amend his section 2-1401 petition, arguing that an additional basis for finding the March 1985 dismissal of his postconviction petition was void was the court's failure to render its judgment in "open court."

¶ 13    In October 2022, the trial court conducted a hearing in the matter and granted the State's motion to dismiss. In a docket entry of the same date, the court stated as follows:

> "Court agrees with the State's position that the judgment entered in 1985 was not a void judgment as the court had jurisdiction to enter the dismissal order at the time it was entered, in which case, any challenge to the judgment needed to be brought promptly. As a matter of completeness, the court agrees with each position taken

by the [S]tate in its motion to dismiss. Motion is granted and the petition is dismissed by way of this docket order for each of the reasons set forth therein."

¶ 14    In November 2022, defendant filed a motion to reconsider the dismissal of his petition. Following a hearing in December 2022, the trial court denied defendant's motion.

¶ 15    This appeal followed.

¶ 16                            II. ANALYSIS

¶ 17    As stated, OSAD has moved to withdraw as appellate counsel, asserting any appeal by defendant lacks arguable merit. In particular, it argues there is no merit to either a challenge to the procedure followed by the trial court in dismissing defendant's section 2-1401 petition or to the correctness of the court's ruling. This court granted defendant leave to file a response to OSAD's motion. He has responded, raising similar arguments to those he raised below. For the reasons that follow, we agree with OSAD that potential challenges to the court's judgment lack any arguable merit.

¶ 18    Section 2-1401(a) of the Code allows a petitioner to obtain relief from a final judgment or order more than 30 days after its entry. *Id.* § 2-1401(a). "It is a civil remedy that extends to both criminal and civil cases." *People v. Stoecker*, 2020 IL 124807, ¶ 18, 181 N.E.3d 201. "[A] section 2-1401 petition can present either a factual or legal challenge to a final judgment or order." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31, 32 N.E.3d 1099.

¶ 19    Generally, to obtain relief under section 2-1401 of the Code, a petitioner must (1) file his or her petition within two years of the challenged judgment or order, (2) allege a meritorious defense to the original action, and (3) show that the petition was brought with due diligence. *People ex rel. Alvarez v. $59,914 United States Currency*, 2022 IL 126927, ¶ 16, 201

N.E.3d 1100. "However, when a section 2-1401 petition alleges that a judgment is void, the petition need not be brought within the two-year time limitation, and the allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence." (Internal quotation marks omitted.) *Id.* "Whether a judgment is void is a question of law that this court will review *de novo*." *Id.* ¶ 18. The trial court's dismissal of a section 2-1401 petition for relief from judgment is also subject to *de novo* review. *People v. Vincent*, 226 Ill. 2d 1, 18, 871 N.E.2d 17, 28 (2007).

¶ 20                             A. The Procedure Followed by the Trial Court

¶ 21        Initially, we agree with OSAD that no meritorious issue can be raised on appeal that the trial court failed to follow the proper procedures when dismissing defendant's section 2-1401 petition for relief from judgment.

¶ 22        Proceedings under section 2-1401 of the Code "are governed by the usual rules of civil practice." *Stoecker*, 2020 IL 124807, ¶ 18. A section 2-1401 petition is treated as a complaint, which invites a responsive pleading. *Id.* "[T]he respondent may answer the petition, move to dismiss it, or choose not to file a responsive pleading." *Id.* Generally, any response must be filed within 30 days after service. *People v. Laugharn*, 233 Ill. 2d 318, 323, 909 N.E.2d 802, 805 (2009); see also Ill. S. Ct. R. 105(a) (eff. Jan. 1, 2018). Additionally, "Illinois courts have recognized that basic notions of fairness dictate that a petitioner be afforded notice of, and a meaningful opportunity to respond to, any motion or responsive pleading by the State." *Stoecker*, 2020 IL 124807, ¶ 20.

¶ 23        Here, on December 7, 2021, defendant filed his section 2-1401 petition for relief from judgment. Less than 30 days later, on December 22, 2021, the State filed its motion to dismiss. Defendant received notice of the State's motion and filed a written response. On October

- 7 -

17, 2022, the trial court conducted a hearing at which defendant appeared telephonically and presented argument to the court. After the court granted the State's motion and dismissed defendant's petition, defendant filed a motion to reconsider. On December 22, 2022, the court conducted a hearing on defendant's motion. Again, defendant appeared at the hearing by telephone and argued his position before the court.

¶ 24        In responding to OSAD's motion on appeal, defendant raises no procedural challenge to the trial court's dismissal of his section 2-1401 petition. Further, the record shows that the State's motion to dismiss was timely filed in response to defendant's pleading and properly before the court. Defendant also clearly received notice of the State's motion and had meaningful opportunities to respond to the State's contentions and be heard by the court. Accordingly, the record fails to reflect the existence of any colorable claim of procedural error.

¶ 25                    B. The Correctness of the Trial Court's Ruling

¶ 26        As indicated, we also agree with OSAD's contention that a challenge to the correctness of the trial court's dismissal of defendant's section 2-1401 petition lacks legal merit. Specifically, the record reflects no error in the court's determination that the March 1985 dismissal of defendant's postconviction petition was not void and, as a result, defendant's section 2-1401 challenge to that dismissal, brought 36 years after it was made, was untimely.

¶ 27        Again, to obtain relief under section 2-1401 of the Code, a petitioner must file his petition within two years of the order or judgment being challenged, except when challenging a void order or judgment. *Alvarez*, 2022 IL 126927, ¶ 16, 201 N.E.3d 1100. However, our supreme court "recognizes only two circumstances in which a judgment will be considered void: (1) when it is entered by a court that lacked personal or subject-matter jurisdiction or (2) when it is based on a statute that is facially unconstitutional and void *ab initio*." *Stoecker*, 2020 IL 124807, ¶ 28.

"Subject-matter jurisdiction refers to a court's power to hear and determine cases of the general class to which the proceeding in question belongs." (Internal quotation marks omitted.) *Alvarez*, 2022 IL 126927, ¶ 19. "Personal jurisdiction refers to the court's power to bring a person into its adjudicative process." (Internal quotation marks omitted.) *Id.*

¶ 28  "Where jurisdiction is lacking, any resulting judgment is rendered void and may be attacked at any time, either directly or indirectly." *Id.*, ¶ 18. Conversely, a judgment that is entered erroneously by a court having jurisdiction is merely voidable and not subject to a collateral attack. *Id.* ("The failure to comply with a statutory requirement or prerequisite cannot deprive a circuit court of subject-matter jurisdiction because jurisdiction is conferred entirely by our state constitution."). *Id.* "Once a court has subject matter jurisdiction over a matter, its judgment will not be rendered void nor will it lose jurisdiction merely because of an error or impropriety in its determination of the facts or application of the law." *McCormick v. Robertson*, 2015 IL 118230, ¶ 28, 28 N.E.3d 795.

¶ 29  Here, defendant raised no allegation that the trial court lacked jurisdiction to hear and determine his postconviction claims, the court lacked jurisdiction over him, or that the dismissal of his postconviction petition was in any way based upon a facially unconstitutional statute. Instead, he has maintained that, in dismissing his postconviction petition, the court failed to follow proper procedures when entering its ruling and notifying him of that ruling. Such circumstances do not render the court's dismissal void. Accordingly, defendant was not excused from complying with section 2-1401's two-year time limitation or other pleading requirements, and the court committed no error in dismissing his petition.

¶ 30  On appeal, OSAD further argues that defendant's underlying contentions of error also lack merit. However, given our finding that the trial court committed no error in dismissing

defendant's section 2-1401 petition as untimely, we find it unnecessary to address these additional claims.

¶ 31                                    III. CONCLUSION

¶ 32        For the reasons stated, we grant OSAD's motion to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 33        Affirmed.